Case 4:23-cv-02674   Document 20   Filed on 03/28/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re KEHINDE ADEYEMI ELEBUTE, § | |
| § | |
| Debtor. § | |
| § | CIVIL ACTION NO. 4:23-CV-2674 |
| § | |
| KEHINDE ADEYEMI ELEBUTE, § | BANKRUPTCY CASE NO. 16-35528 |
| § | |
| Appellant. § | |

## MEMORANDUM OPINION AND ORDER

This appeal involves a reopened bankruptcy case following a multi-year battle over a property foreclosure. The debtor-appellant, Kehinde Elebute ("Elebute"), sued the appellees, Village Capital & Investment LLC ("Village Capital") and Michael Weems ("Weems"), in state court for wrongful foreclosure of his inherited property. The state court action followed a completed litigation of the same issue in an adversary proceeding in the Bankruptcy Court for the Southern District of Texas, resulting in Weems moving to reopen the bankruptcy case and remove the state court action. The bankruptcy court reopened the case, prompting a motion for reconsideration by Elebute. The bankruptcy court denied the motion for reconsideration. Elebute appealed the order. After commencement of this appeal, the bankruptcy court dismissed the adversary proceeding adjudicating the removed state court action because of Elebute's failure to prosecute the case, again prompting a motion for reconsideration by Elebute. The motion was denied, and Elebute appealed the order. Elebute's appeal of the bankruptcy court's order denying reconsideration of its order

reopening the bankruptcy case is **DISMISSED**. The Court **AFFIRMS** the bankruptcy court's order denying reconsideration of its order dismissing the adversary proceeding.

## I.    BACKGROUND

From 2014 through 2016, Elebute filed multiple bankruptcy petitions under Chapter 13 of the Bankruptcy Code. (Bankr. S.D. Tex. Case No. 14-34916; Bankr. S.D. Tex. Case No. 15-31877; Bankr. S.D. Tex. Case No. 15-34859; Bankr. S.D. Tex. Case No. 16-30322; Bankr. S.D. Tex. Case No. 16-35528). Each of these cases was dismissed for failures to make plan payments and comply with various requirements of the Bankruptcy Code. (Bankr. S.D. Tex. Case No. 14-34916, Dkts. 41, 46; Bankr. S.D. Tex. Case No. 15-31877, Dkts. 17, 26; Bankr. S.D. Tex. Case No. 15-34859, Dkts. 17, 21; Bankr. S.D. Tex. Case No. 16-30322, Dkts. 25, 41; Bankr. S.D. Tex. Case No. 16-35528, Dkts. 34, 40). The bankruptcy proceeding subject to this appeal was filed on November 1, 2016. (Bankr. S.D. Tex. Case No. 16-35528, Dkt. 1). Elebute filed the case to save his inherited property from foreclosure. (Dkt. 14-10 at pp. 34–42). Because the bankruptcy was Elebute's third petition within a one-year timeframe, the automatic stay did not arise under 11 U.S.C. § 364(c)(2). The property was foreclosed on November 1, 2016. (Dkt. 14-10 at p. 53). This case was dismissed on April 18, 2017, again for nonpayment and failure to comply with certain requirements of the Bankruptcy Code. (Bankr. S.D. Tex. Case No. 16-35528, Dkts. 34, 40).

On March 14, 2017, Elebute filed an adversary proceeding under his November 1st bankruptcy case against his alleged creditor, Village Capital, and the alleged buyer of the property at foreclosure, Meghani Investment Group, LLC ("Meghani"). (Dkt. 14-1 at pp. 2–3). Elebute claimed a cause of action for wrongful foreclosure. (Dkt. 14-1 at pp. 3–5).

On January 15, 2018, Village Capital moved for summary judgment. (Dkt. 14-4). The bankruptcy court granted Village Capital's motion. (Dkt. 14-5 at p. 1). The bankruptcy court found no defects in the foreclosure sale of Elebute's property. (Dkt. 14-5 at pp. 3-4). Elebute moved to reconsider the order granting summary judgment. (Dkt. 14-6 at p. 1). The bankruptcy court denied the motion. (Dkt. 14-7 at pp. 1–2). On November 26, 2018, Elebute filed a notice of appeal, which the district court dismissed. (Dkt. 14-8 at p. 1; Dkt. 14-9 at p. 1). The district court entered final judgment for Village Capital. (Bankr. S.D. Tex. Case No. 17-03148, Dkt. 59).

Elebute filed a complaint against Village Capital, Michael Weems (Village Capital's attorney), and the trustees of the foreclosure sale in state court in October 2020. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1-2 at p. 2; Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1-3 at pp. 1–2). Three years later, in June 2023, Elebute filed his Fifth Amended Complaint. (Dkt. 14-11 at p. 4). The complaint removed a few of the trustees and added Meghani and additional parties. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1-8 at pp. 1–3). Elebute claimed various causes of action alleging the invalidity of the foreclosure sale of his property. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1-8 at pp. 6–13).

On June 8, 2023, Weems filed a motion to reopen the November 1st bankruptcy case. (Dkt. 14-12). Weems argued that Elebute's claims in the state court proceeding were already decided by the bankruptcy court in the prior adversary proceeding, and accordingly, that the bankruptcy court should reopen the case and determine the res judicata effect of the prior ruling. (Dkt. 14-12 at pp. 5–6). On June 16, 2023, the bankruptcy

court granted the motion and reopened the bankruptcy case. (Dkt. 3-5). On June 19, 2023, Elebute's state court complaint was removed to an adversary proceeding underlying the reopened bankruptcy case. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1). On June 25, 2023, Elebute filed his first amended complaint in the adversary proceeding. (Dkt. 14-10; Bankr. S.D. Tex. Case No. 23-03110, Dkt. 3).

On June 24, 2023, Elebute filed a motion to reconsider the order reopening the bankruptcy case. (Dkt. 3-6). The bankruptcy court denied the motion. (Dkt. 3-8). Elebute appealed the order denying reconsideration on July 20, 2023. (Dkt. 1). Elebute is the Appellant and Village Capital and Weems are the Appellees. (Dkt. 1-1 at p. 1). On August 24, 2024, Village Capital and Weems filed a joint motion to dismiss this appeal. (Dkt. 2). Elebute submitted his opening brief on November 27, 2023, and Village Capital and Weems submitted their response brief on December 14, 2023. (Dkts. 10, 14). The Court held a status conference on December 1, 2023, where it advised the parties that it would carry the joint motion to dismiss with its consideration of the appellate briefs. (Dkt. 15).

The bankruptcy court held a status conference in the adversary proceeding on December 4, 2023. (Dkt. 16-2 at 1). Elebute failed to appear, and the bankruptcy court dismissed the adversary proceeding for want of prosecution. (Dkt. 16-2 at p. 1). On December 5, 2023, Elebute filed a motion to reconsider the dismissal. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 26). On January 17, 2024, a hearing was held on the motion for reconsideration, and that same day, the motion was denied. (Dkt. 16-2 at pp. 1–2). Elebute appealed the order on January 18, 2024. (Dkt. 16).

On February 8, 2024, Village Capital and Weems submitted a notice of disbarment of Elebute's counsel, Diogu Kalu Diogu, II. (Dkt. 18). Elebute did not file an amended appellate brief. On February 19, 2024, Village Capital and Weems submitted a renewed motion to dismiss for undue delay and frivolity. (Dkt. 19). The Court does not address this motion. As stated, the Court reviews the parties' appellate briefs and Village Capital's and Weems's joint motion to dismiss the appeal.

## II.  BANKRUPTCY APPEALS

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy judges. 28 U.S.C. § 158(a). An appeal to a district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). This Court reviews the bankruptcy court's legal conclusions *de novo* but may only disregard a fact finding made by the bankruptcy court if that fact finding is clearly erroneous. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). "A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). The Fifth Circuit has emphasized that, under the "clearly erroneous" standard, this Court "may [not] weigh the evidence anew" and may only set aside the bankruptcy court's fact findings if it is "left with the definite and firm conviction that a mistake has been committed." *In re Perry*, 345 F.3d at 309 (quotation marks omitted).

The review of a bankruptcy court's decision to reopen a proceeding is governed by the abuse of discretion standard. *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991). The review of a dismissal with prejudice for failure to prosecute

is also governed by the abuse of discretion standard. *In re Wood*, 199 F. App'x 328, 331 (5th Cir. 2006). "An abuse of discretion occurs where the 'ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (quoting *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001)).

### III.   ANALYSIS

—*Village Capital's and Weems's joint motion to dismiss is granted.*

Village Capital and Weems filed a joint motion to dismiss this appeal on August 15, 2023. (Dkt. 2). Elebute filed an amended notice of appeal on January 18, 2024. (Dkt. 16). Elebute argues that his filing of the amended notice of appeal renders the joint motion to dismiss moot, as the original notice of appeal no longer has any legal effect. (Dkt. 17 at pp. 1–2).

The Court disagrees. The motion to dismiss involves an issue regarding the Court's jurisdiction to hear this appeal. Even if the motion no longer remained operative, federal courts have a duty to raise the issue of their subject matter jurisdiction *sua sponte*. *H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000). The Court has a duty to address the issues raised in the motion to dismiss.

Village Capital and Weems move to dismiss on grounds that the bankruptcy court's order granting Weems's motion to reopen the bankruptcy case was not a final, appealable order. (Dkt. 3 at pp. 5–7). Pursuant to 28 U.S.C. § 158(a)(3), a district court has jurisdiction to hear appeals of a bankruptcy court's nonfinal, interlocutory orders only with leave of the court. "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of

discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *see also Kountaki v. Johnson*, No. CIV.A. H-07-3530, 2007 WL 4570161, at *1 (S.D. Tex. Dec. 26, 2007) (alterations in original) (internal quotation marks omitted) ("[F]or a bankruptcy court order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim . . . ." (quoting *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992))).

An order reopening a bankruptcy case is final when it resolves the merits of the dispute. *Kountaki*, 2007 WL 4570161, at *1. "An order denying a motion to reopen is a final order because it 'leaves nothing for the [bankruptcy] court to do but execute the judgment,'" *Id.* (alteration in original) (quoting *In re Booth*, 242 B.R. 912, 914 (B.A.P. 6th Cir.1999)). On the other hand, "a bankruptcy court's order granting a motion to reopen is final if it is 'conclusive on the merits.'" *Id.* (quoting *In re Bonner*, 330 B.R. 880, 2005 WL 2136204, at *1 (B.A.P. 6th Cir. 2005)) (finding an order granting a trustee's motion to reopen nonfinal because it merely reopened the case without ruling on the merits of the trustee's claim or the debtor's affirmative defenses).

The bankruptcy court's order reopening the bankruptcy case is a nonfinal, interlocutory order. The order was used as an administrative device to reopen the case without resolving any of the issues prompting the motion to reopen—specifically, the removal of Elebute's state court action and the adjudication of Elebute's claims and Village Capital's and Weems's res judicata defense. (Dkt. 3-5 at p. 1). Since Elebute did not seek leave from the Court, the Court does not have jurisdiction to decide whether the order to reopen was valid under the Bankruptcy Code.

Village Capital's and Weems's motion to dismiss is granted with respect to the bankruptcy court's denial of reconsideration of its order reopening the bankruptcy case.

—*The bankruptcy court had jurisdiction to reopen the bankruptcy case.*

Elebute's appeal of the bankruptcy court's order denying reconsideration raises an issue regarding the bankruptcy court's subject matter jurisdiction to reopen the bankruptcy case. (Dkt. 10 at pp. 3, 6–7). The Court finds that the bankruptcy court had jurisdiction.

Elebute claims that, because his state court action was removed to the bankruptcy court after the dismissal of his bankruptcy case, the bankruptcy court lacked "related to" jurisdiction over the adversary proceeding. (Dkt. 10 at pp. 6–7). Elebute's argument misconstrues the timeline of the case. (Dkt. 3-5 at p. 1; Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1). Although the state court action was commenced after the initial dismissal, it was removed after the case was reopened. This is not a basis for the Court to find that the bankruptcy court lacked subject matter jurisdiction. *See In re Bissonnet Invs. LLC*, 320 F.3d 520, 525 (5th Cir. 2003) ("The existence of subject matter jurisdiction is determined at the time of removal."). However, Elebute's argument does raise the question of whether the bankruptcy court had subject matter jurisdiction in its initial action of reopening the bankruptcy case.

28 U.S.C. § 157(a) authorizes district courts to refer to bankruptcy courts "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." Bankruptcy cases in this district have been automatically referred to the bankruptcy court under General Order 2012-6. 28 U.S.C. § 1334 lists four types of matters over which the district court has subject matter jurisdiction in a bankruptcy

proceeding: cases under title 11, proceedings arising under title 11, proceedings arising under a case under title 11, and proceedings related to a case under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987) (quoting § 1334). A bankruptcy court has jurisdiction to interpret and enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *see also In re Lothian Oil, Inc.*, 531 F. App'x 428 (5th Cir. 2013) (holding that the bankruptcy court retained jurisdiction to enjoin post-confirmation state court actions); *In re Offshore Fin. Corp.*, 319 B.R. 845, 847–48 (Bankr. N.D. Tex. 2005) ("The court . . . has the discretion to administratively reopen the closed adversary proceeding, to the extent necessary to enforce the judgment.").

The bankruptcy court reopened Elebute's case upon review of Weems's emergency motion to reopen. (Dkt. 3-5 at p. 1). That motion sought to reopen the case in order to remove Elebute's state court action to the bankruptcy court and file a motion to dismiss the action. (Dkt. 14-12 at pp. 5–6). This was premised on the claim that the court's judgment in Elebute's prior adversary proceeding barred Elebute's state court claims through res judicata. (Dkt. 14-12 at pp. 5–6). Elebute's state court action was brought to reclaim title to his inherited property on the basis of a wrongful foreclosure. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 1-8 at pp. 6–13). Elebute's prior adversary proceeding alleged wrongful foreclosure of the same property at issue in the state court action. (Dkt. 14-1 at pp. 1–2, 3–5). That prior adversary proceeding resulted in an order granting summary judgment in Village Capital's and Meghani's favor. (Dkt. 14-5 at p. 1). On granting summary judgment, the bankruptcy court found that there were no defects in the foreclosure sale of Elebute's property. (Dkt. 14-5 at pp. 3–4). Elebute appealed the decision, resulting in a dismissal of

the appeal and the district court's entry of final judgment in Village Capital's favor. (Dkt. 14-8 at p. 1; Dkt. 14-9 at p. 1; Bankr. S.D. Tex. Case No. 17-03148, Dkt. 59). The bankruptcy court's decision to reopen the case and determine whether to enforce its order in the prior adversary proceeding plainly fell within its jurisdiction.

Elebute also claims that, because his bankruptcy was dismissed on April 18, 2017, all prior orders entered in the case, including the orders in the prior adversary proceeding, were void. (Dkt. 8 at pp. 2–4). If this were true, then the bankruptcy court may not have had jurisdiction to reopen the case, as there would be no orders to enforce. However, Elebute's argument fails.

Elebute relies on 11 U.S.C. § 349(b). Section 349 provides, "Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title . . . (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title . . . ." The prior adversary proceeding did not involve any of the listed subsections. It was a state-law based action to recover property. (Dkt. 14-1 at pp. 3–4; Dkt. 14-5 at pp. 3–4). The adversary proceeding also continued adjudication after dismissal. A bankruptcy court has discretion to retain jurisdiction of related proceedings after termination of the underlying bankruptcy case. *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1202 (5th Cir. 1993). The bankruptcy court was permitted to retain jurisdiction to litigate Elebute's claims after dismissing the underlying bankruptcy. The orders entered in the adversary proceeding were affirmed on appeal. The orders remain valid and binding.

The bankruptcy court had jurisdiction to reopen Elebute's bankruptcy proceeding.

*—The bankruptcy court's dismissal of the adversary proceeding is valid.*

Elebute appeals the bankruptcy court's order denying his motion to reconsider the dismissal of the adversary proceeding. (Dkt. 16 at p. 1). "Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim for failure of prosecution." *In re Valentine*, 733 F. App'x 184, 186 (5th Cir. 2018). Rule 41(b) applies in bankruptcy adversary proceedings through Federal Rule of Bankruptcy Procedure 7041. Where the court does not specify whether a dismissal is with or without prejudice, the Fifth Circuit treats dismissals for failure to prosecute as dismissals with prejudice. *In re Valentine*, 733 F. App'x at 187; *In re Wood*, 199 F. App'x at 331. Dismissals with prejudice are affirmed only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *In re Valentine*, 733 F. App'x at 187 (quoting *In re Wood*, 199 F. App'x at 332). "Typically, this involves 'at least one of three aggravating factors . . . . includ[ing] (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant.'" *In re Valentine*, 733 F. App'x at 187 (alterations in original) (quoting *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985)).

The Court finds that the bankruptcy court acted within its discretion in dismissing Elebute's adversary proceeding. The bankruptcy court held a status conference in the adversary proceeding on December 4, 2023, to determine how to proceed with adjudicating the case. (Dkt. 16-2 at p. 1; Bankr. S.D. Tex. Case No. 23-03110, Dkt. 21). There was no

appearance by or for Elebute at the hearing. (Dkt. 14-13 at p. 1). The record indicates that counsel for Elebute was served with proper notice of the hearing. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 20). On this basis, the bankruptcy court found that Elebute failed to prosecute the adversary proceeding, warranting dismissal. (Dkt. 14-13 at p. 1). Elebute filed a motion to reconsider the dismissal. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 26). A hearing was held on January 17, 2024. (Bankr. S.D. Tex. Case No. 23-03110, Dkt. 35). In denying the motion, the bankruptcy court found that Elebute's counsel failed to provide any explanation for his failure to appear. (Dkt. 16-2 at p. 2). Instead, Elebute's counsel argued that the court lacked jurisdiction to hold the hearing, an argument repeatedly asserted by counsel and validly rejected by the bankruptcy court. (Dkt. 16-2 at p. 2). The bankruptcy court also noted a phone call following the December 4th status conference by Elebute's counsel with chambers staff suggesting abusive communications. (Dkt. 16-2 at pp. 1–2). The record demonstrates intentional delay by Elebute and that lesser sanctions would be futile.

      The bankruptcy court did not abuse its discretion in dismissing Elebute's adversary proceeding for failure to prosecute.

## IV. CONCLUSION

Elebute's appeal of the bankruptcy court's order denying reconsideration of its order reopening the bankruptcy case is **DISMISSED**. The Court **AFFIRMS** the bankruptcy court's order denying reconsideration of its order dismissing the adversary proceeding.

SIGNED at Houston, Texas on March 28, 2024.

                                            GEORGE C. HANKS, JR.
                                            UNITED STATES DISTRICT JUDGE